ROBERT MYERS, CA STATE BAR 239292
BERJIS | MYERS PLC
520 South Grand Avenue, Suite 665
Los Angeles, CA 90071
Tel: 213-784-7097
Fax: 213-784-7098
Email: robert@bmfirm.com

Attorney for Petitioner, RAMIREZ Perez, Eliseo Martin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| ELISEO MARTIN RAMIREZ PEREZ,<br><br>Petitioner,<br><br>V.<br><br>MARKWAYNE MULLIN, US Secretary of Homeland Security; TODD BLANCHE, Attorney General of the US; THOMAS GILES, LA Field Office Director, ICE-ERO; WARDEN, Geo Group Inc, Adelanto Detention Facility and, DOES 5 through 10, inclusive, Jointly and Severally.<br><br>Respondents. | CASE NO.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

# INTRODUCTION

1. Petitioner ELISEO MARTIN RAMIREZ PEREZ is in the physical custody of Respondents at the Adelanto Detention Facility. He now faces unlawful detention because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have failed to provide him with a Bond Redetermination Hearing in a reasonable amount of time
2. Petitioner ELISEO MARTIN RAMIREZ PEREZ has an Alien Registration Number of A220-583-283
3. Petitioner ELISEO MARTIN RAMIREZ PEREZ was detained on or about September 28, 2026 in New York.
4. Petitioner ELISEO MARTIN RAMIREZ PEREZ immediately through counsel requested a Bond Redetermination Hearing before the Buffalo Immigration Court, which was then scheduled for October 14, 2026.
5. Shortly before the bond hearing, Petitioner ELISEO MARTIN RAMIREZ PEREZ, was moved to Louisana and the Immigration Judge (IJ) at the Buffalo Immigration Court refused to hear his Bond Redetermination Request because he was not present and not within the jurisdiction of the Buffalo Immigration Court.

6. Petitioner, ELISEO MARTIN RAMIREZ PEREZ, was then moved to Adelanto California where he remains today.
7. Petitioner, ELISEO MARTIN RAMIREZ PEREZ, through counsel filed a Bond Redetermination Request with the Adelanto Immigration Court. It was rejected incorrectly indicating that Petitioner, ELISEO MARTIN RAMIREZ PEREZ, was being housed in Batavia, New York.
8. Meanwhile, to date, a Notice to Appear has not been filed so Petitioner, ELISEO MARTIN RAMIREZ PEREZ, is not under the jurisidiction of the Immigration Court.
9. Further, to date, Petitioner, ELISEO MARTIN RAMIREZ PEREZ, has not been afforded a Bond Redetermination hearing despite being in custody approximately 45 days.
10. Petitioner ELISEO MARTIN RAMIREZ PEREZ has not sat idly by waiting, he sought a multiple bond redeterminations.
11. Accordingly, Petitioner seeks a writ of habeas corpus requiring that he be released within 3 days or unless Respondents provide a bond hearing under § 1226(a) within seven days.

## JURISDICTION

12. Petitioner is in the physical custody of Respondents. Petitioner is detained at the Desert View Annex Detention Facility in Adelanto, California.

13. This Court has jurisdiction under 28 U.S.C. § 2241(c) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

14. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

15. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493- 500 (1973), venue lies in the United States District Court for the Central District of California, the judicial district in which Petitioner currently is detained.

16. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California.

REQUIREMENTS OF 28 U.S.C. § 2243

17. The Court must grant the petition for writ of habeas corpus or order Respondents to show cause "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, Respondents must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

18. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

19. Here, Petitioner ELISEO MARTIN RAMIREZ PEREZ was detained and then moved causing him to not have a timely Bond Redetermination and failing to charge him in Immigration Court. The government did not provide him due process in carrying out the re-detention.

## PARTIES

20. Petitioner ELISEO MARTIN RAMIREZ PEREZ was born in Guatemala. He has been in immigration detention since approximately September 25, 2026. After arresting Petitioner in New York, ICE did not set bond and Petitioner was unable to obtain review of his custody by an IJ, pursuant to Immigration and Nationality Act section 1226 because they moved Petitioner days before his Bond Redetermination Hearing and then moved him another time and he finally requested a Bond Redetermination Hearing at this current location but has not received a hearing date as of this filing.

21. Respondent THOMAS GILES is the Director of the Los Angeles Field Office of ICE’s Enforcement and Removal Operations division. As such, THOMAS GILES is Petitioner’s immediate custodian and is responsible for Petitioner’s detention and removal. He is named in his official capacity.

22. Respondent MARKWAYNE MULLIN is the Secretary of the Department of Homeland Security. He is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner’s detention. Mr. MARKWAYNE MULLIN has ultimate custodial authority over Petitioner and is sued in his official capacity.

23. Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

24. Respondent TODD BLANCHE is the Attorney General of the United States. He is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. He is sued in his official capacity.

25. Respondent Executive Office for Immigration Review (EOIR) is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations in bond hearings.

26. Respondent WARDEN is employed by Geo Group, Inc. as Warden of the Adelanto Detention Facility, where Petitioner is detained. They have immediate physical custody of Petitioner. They are sued in their official capacity.

## LEGAL FRAMEWORK

27. The INA prescribes three basic forms of detention for the vast majority of noncitizens in removal proceedings.

28. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens in standard removal proceedings before an IJ. See 8 U.S.C. § 1229a. Individuals in §

1226(a) detention are generally entitled to a bond hearing at the outset of their detention, see 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention, see 8 U.S.C. § 1226(c).

29. Second, the INA provides for mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission referred to under § 1225(b)(2).

30. The detention provisions at § 1226(a) and § 1231 were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-–208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226(a) was most recently amended earlier this year by the Laken Riley Act, Pub. L. No.119-1, 139 Stat. 3 (2025).

31.. Petitioner ELISEO MARTIN RAMIREZ PEREZ should be released and placed on supervision given the gamesmanship being played by DHS.

FACTS

32. Petitioner ELISEO MARTIN RAMIREZ PEREZ has resided in the United States for approximately 5 years and resided in the Maryland area.

33. On or about September 25, 2026, Petitioner was detained for an unknown reason. Petitioner is now detained at the Desert View Annex Detention Facility.

34. DHS has presumably held Petitioner under INA section 1226 as a Notice to Appear has not been filed and he has not been given a Bond Redetermination hearing where we might've learned why they detained and are holding him.

35. Under this District's case law, Petitioner, ELISEO MARTIN RAMIREZ PEREZ, was unlawfully detained because presumably they had no warrant to detain him.

36. There is no indication as to when or if they are going to file a Notice to Appear. It has been over 40 days since his detention and still no Notice to Appear has been filed.

37. Petitioner ELISEO MARTIN RAMIREZ PEREZ has no criminal record. He has a possible T Visa. Petitioner is neither a flight risk nor a danger to the community.

38. Petitioner remains in detention. Without relief from this court, he faces the prospect of months, or even years, in immigration custody, separated from his community.

CLAIMS FOR RELIEF

## COUNT I

### Violation of the INA

39. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

40. INA section 1226 should apply but he was not lawfully arrested and Petitioner should have been at least been given a timely Bond Redetermination Hearing.

## COUNT II

### Violation of Due Process

41. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

42. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

43. Petitioner has a fundamental interest in liberty and being free from official restraint.

44. The government's detention of Petitioner without a warrant or a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process.

WHEREFORE, Petitioner prays that this Court grant the following relief:

a) Assume jurisdiction over this matter;

b) Order that Petitioner shall not be transferred outside the Central District of California while this habeas petition is pending;

c) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

d) Issue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days;

e) Declare that Petitioner's detention is unlawful;

f) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

g) Grant any other and further relief that this Court deems just and proper.

DATED this 4 of November 2026.

`

Respectfully submitted,

BERJIS | MYERS PLC

____/s/ Robert E Myers___________
Robert Myers, Esq.
Counsel for Petitioner